# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 22, 2003

## STATE OF TENNESSEE v. JOHN LEE BELLAMY

### Appeal from the Criminal Court for Sullivan County
### Nos. S44,982 and S46,324     R. Jerry Beck, Judge

### No. E2002-02741-CCA-R3-CD
### September 3, 2003

The defendant, John Lee Bellamy, pled guilty in the Sullivan County Criminal Court to reckless aggravated assault, a Class D felony; failure to appear, a Class E felony; driving under the influence, second offense, and leaving the scene of an accident, Class A misdemeanors; and driving on a revoked license, second offense, a Class B misdemeanor. The trial court sentenced him as a Range I, standard offender to an effective sentence of four years, eight months, twenty-nine days. The defendant appeals the trial court's ordering him to serve his two-year, nine-month-sentence for the reckless aggravated assault conviction and consecutive one-year sentence for the failure to appear conviction in confinement. He claims that he should have received alternative sentences or, at most, sentences of split confinement. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), and Stephen M. Wallace, District Public Defender, and Joseph F. Harrison, Assistant Public Defender (at trial), for the appellant, John Lee Bellamy.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin and James Franklin Goodwin, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's driving under the influence on November 6, 2000. At the guilty plea hearing, the state presented the following factual account of the crimes: On the night of November 6, Kingsport Police Officer Justin Quillen was dispatched to a single-car accident at the intersection of Stratford and East Lyon Streets. When he arrived, he saw a white Ford pickup truck in a ditch. He approached the truck and found the defendant sitting in the driver's seat. The

officer smelled alcohol and asked the defendant if he had been drinking. Although the defendant said no, Officer Quillen had seen the defendant drinking beer earlier that night.

After paramedics and firefighters arrived at the scene, Officer Quillen was dispatched to a second accident a short distance from the defendant's truck. When he arrived, Mack Lane told him that he had been driving on Stratford Street and that a white pickup truck had struck Mr. Lane's car from behind. According to Mr. Lane, the pickup hit his car a second time, breaking the driver's seat, and left the scene. Officer Quillen believed the defendant's truck had hit Mr. Lane's car, and he went with the defendant to the hospital. The defendant's blood alcohol content (BAC) measured 0.25 percent, and he was charged with reckless aggravated assault; driving under the influence, second offense; leaving the scene of an accident; and driving on a revoked license, second offense. On February 11, 2002, the defendant appeared in court to enter pleas to the charges. He asked for a continuance, which was denied, and he left the courthouse without entering any pleas. As a result, he was charged with failure to appear and arrested on a capias.

The defendant pled guilty to all of the crimes and was sentenced to two years, nine months for the reckless aggravated assault conviction; one year for the failure to appear conviction; eleven months, twenty-nine days to be served as forty-five days in jail and the remainder on probation for the DUI conviction; eleven months, twenty-nine days to be served on supervised probation for the leaving the scene of an accident conviction; and eleven months, twenty-nine days to be served as four days in jail and the remainder on probation for the driving on a revoked license conviction. The manner of service for the reckless aggravated assault and failure to appear convictions was to be determined by the trial court. The trial court ordered that the reckless aggravated assault and DUI sentences be served concurrently to each other but consecutively to his concurrent sentences for leaving the scene of an accident and driving on a revoked license. The one-year sentence for failure to appear was ordered to be served consecutively to all of the sentences for an effective sentence of four years, eight months, twenty-nine days.

At the sentencing hearing, the state and the defendant relied on the presentence report. According to the report, the then forty-seven-year-old defendant was completely disabled and received disability benefits. In the report, the defendant stated that before he became disabled, he was self-employed as a painter for about five years, worked as a laborer for about seven years, and worked for his father's coal company and nursery throughout his life. The defendant dropped out of high school in the eleventh grade but completed a welding course at a community college. The defendant had been treated for alcohol dependency four times. In the report, he said that he started drinking alcohol when he was twenty-five years old but denied consuming alcohol since he hit Mack Lane's car. He described his mental health as fair and his physical health as poor and stated that he had to use a cane in order to walk. In the report, the defendant explained that on the night of the offenses, he "bumped" the back of Mr. Lane's car because the brakes had gone out on his truck. He said he passed Mr. Lane's car, tried to negotiate a curve, and ran head-on into a tree. He said that the wreck crippled him for life and that he was sorry for hurting Mr. Lane.

The presentence report reveals that the defendant has been committing crimes since he was nineteen years old and that he has prior misdemeanor convictions for DUI, driving on a revoked license, violating the registration law, violating the implied consent law, contempt of court, reckless endangerment, public intoxication, assault, resisting arrest, theft, disorderly conduct, larceny, possession of marijuana, and allowing a dog to run at large. According to the report, probation violation warrants were filed against the defendant in 1978 and 1989, and he has had a sentence of probation revoked at least once. It also shows that he has a juvenile history of difficulties with the law.

The trial court noted that the defendant was presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). However, it denied the defendant's request for alternative sentences, stating that although some of the defendant's prior misdemeanor convictions were entitled to little or no weight, his prior criminal record as a whole was "horrendous." The trial court determined that the defendant had tried to improve himself and had attempted to work but that the report's unfavorable factors heavily outweighed any favorable factors. It ordered that the defendant serve his sentences in confinement.

The defendant claims that the trial court erred by not granting his request for alternative sentences and that, at most, he should have been ordered to serve one year in confinement and serve the remainder of his sentences on probation. He contends that although his prior criminal history is extensive, that factor alone was not enough to overcome the presumption that he is a favorable candidate for alternative sentencing because his prior offenses were not serious crimes and because most of them were alcohol-related. Finally, he contends that he should have received alternative sentences because he has accepted responsibility for his actions by pleading guilty. The state claims that the trial court properly sentenced the defendant. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been

applied unsuccessfully to the defendant. <u>Ashby</u>, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-103(5).

The trial court held that the defendant's criminal history justified his serving his sentences in confinement. We agree. The defendant has committed at least fourteen misdemeanors since he was nineteen years old. The presentence report shows that a sentence of probation was revoked in 1978 for driving while intoxicated and without a license and that a later sentence of probation was extended indefinitely due to his failure to pay court costs and restitution. In the report, the defendant stated that he had been drinking alcohol since he was twenty-five years old. Although he received treatment for his alcohol addiction twice in 1994, once in 1999, and once in 2000, he continued to abuse alcohol, which resulted in his striking Mr. Lane's car on November 6, 2000. This demonstrates that the defendant has a low potential for rehabilitation. We affirm the trial court's denial of the defendant's request for alternative sentences.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE